NOT DESIGNATED FOR PUBLICATION

No. 122,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VANESSA S. NELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed January 15, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Vanessa Nelson pled guilty to a felony and two misdemeanor charges. The district court imposed consecutive sentences, suspended them, and granted probation. After Nelson's second probation violation, the court applied a bypass provision to revoke her probation and imposed her suspended prison sentence. She has since finished serving her felony prison sentence. Nelson argues on appeal that the district court failed to state with particularity the grounds for bypassing an intermediate sanction. Finding no error, we affirm.

1

Based on an incident in late August 2017, the State charged Vanessa Nelson with two misdemeanors—assault and theft—and a felony for making false information. Nelson pled guilty to the three charges pursuant to a plea agreement, and the district court accepted the plea. In February 2019, the court sentenced her to a 17-month prison term for the felony and a collective 13-month jail term for assault and theft, with all sentences running consecutively and 12 months' postrelease supervision. The court then suspended the sentence and imposed 18 months of probation. In late April 2019, she was placed in a community corrections residential program.

Nelson's intensive supervision officer (ISO) reported two probation violations. In early May, Nelson threatened another program member. She did not contest the violations at the subsequent hearing. After the court discussed various options, including having her serve a modified sentence, Nelson asked to be returned to the residential program. The court imposed a three-day jail sanction and, thereafter, Nelson was returned to community corrections.

In July 2019, Nelson's ISO filed a second probation violation alleging she engaged in assaultive behavior and left the program facility without permission. At the September evidentiary hearing, the State dismissed the assaultive behavior allegation but produced evidence that Nelson took her belongings from a locker, said, "I'm out of here," and left without permission. The court found she violated her probation by leaving the facility, revoked her probation, and imposed her underlying sentence, stating, "Probation has not gone well, and I do not believe that, Ms. Nelson, that you're going to be able to successfully complete probation." In its journal entry, the court noted it revoked Nelson's probation under K.S.A. 2019 Supp. 22-3716(c)(7) (previously codified under K.S.A. 2017 Supp. 22-3716[c][9][A]) because she posed a public safety risk and probation would not serve her welfare. It explained that Nelson "is disruptive in Community

2

Corrections Residential Program and is not amenable to treatment because of [her] attitude/personality." Nelson appealed.

ANALYSIS

Two matters have been raised by Nelson. The first requires a determination of whether the district court erred in revoking her probation by failing to provide sufficiently particularized reasons for bypassing the statutory requirement of an order for an intermediate sanction. If the court erred, the second matter to be addressed concerns whether Nelson's completion of the prison portion of her felony sentence renders her appeal moot. With her appeal pending, the State filed a notice of change in custodial status pursuant to Supreme Court Rule 2.042 (2020 Kan. S. Ct. R. 18). The notice indicates Nelson has finished serving the prison portion of her sentence and was released in May 2020 to serve her postrelease supervision term.

There is a definite argument to be made that the district court did make particularized findings justifying the exercise of the bypass provision and the imposition of the incarceration portion of her sentence. While there is more that could have been said by the district court at the sentencing to support the exercise of the bypass, taking into account the oral and written findings, which this court is allowed to do, there were sufficient findings made to support the exercise of the bypass provision. See *State v. Kelly*, No. 115,525, 2017 WL 840259, at *4 (Kan. App. 2017) (unpublished opinion).

The court found that Nelson was involved in assaultive behavior, which would result in a compromise to the safety of the community. It also found that she was sabotaging her progress on probation due to displayed attitude and behavioral problems, which would support the finding that allowing Nelson to remain on probation would not be beneficial to her own welfare. The ruling of the district court in ordering the

3

imposition of Nelson's prison sentence without first imposing an intermediate sanction is affirmed on the basis of those findings.

In addition to finding that the district court made sufficiently particularized findings to support a bypass at the probation violation sentencing, the record is clear that there is evidence to support a bypass. The record reflects that Nelson committed two probation violations within eight months of being placed on probation. The first violation was based on assaultive behavior directed at another resident of community corrections. Assault was one of the crimes she was convicted of. She served a three-day sanction for this first probation violation, which did not ameliorate Nelson's behaviors in that her second probation violation occurred three months after the first. Her second violation was a purposeful act that was guaranteed to garner further disciplinary intervention, yet she could not control her behavior sufficiently to avoid such consequences.

There is sufficient evidence in the record to support a danger to the public finding. Her assaultive behavior threatened other residents of the community corrections program both physically and in the sense that her behavior potentially threatened the other residents' chances at being successful in their programs. She threatened her own welfare by continuing to display illegal behavior while being in a highly structured program. She continued to expose herself to consequences that were more severe and that would drive her further into the criminal justice system. She could not conform her behavior to her own benefit based on observed negative attitudes.

We find that the district court made particularized findings sufficient to support the exercise of the bypass provision. Any claimed error as to the failure to make particularized findings has no effect as to the sentence for the misdemeanors. Probation revocation for misdemeanors only requires the State to establish a probation violation. See K.S.A. 2019 Supp. 22-3716(b)(3)(B)(iii). Nelson does not challenge the district court's finding that she violated her probation by leaving the community corrections

4

residential program facility. No particularized findings are required before imposing jail time for a misdemeanor probation violation.

The State also raised the argument that Nelson's claim that the district court failed to make particularized findings was moot in that Nelson had already completed her prison sentence for the felony conviction. This argument raises potentially intricate issues relating to the consecutive sentences she received for her felony and misdemeanor convictions and allocation of jail time credit. We do not need to address this argument due to the district court having properly revoked Nelson's probation and ordering to serve her underlying sentence in the felony case.

Affirmed.